By the Court.
Campbell, J.
We are all of opinion tbat tbe exceptions taken on the trial cannot be sustained. We think tbat tbe jury were rightly instructed, and, upon tbe evidence before them, were fully justified in rendering a verdict for tbe plaintiffs for tbe sum demanded'by tbe complaint.
Tbe right of tbe plaintiff to be allowed counsel fees as a part of these expenses, was in effect determined by this court in delivering its judgment in tbe People v. Compton and others, and as this judgment has been affirmed by tbe Court of Appeals, we think it must now be considered as settled, tbat reasonable counsel fees form a part of tbe expenses to which, in proceedings for a contempt under tbe statute, an aggrieved party, at whose instance an attachment is issued, and by whom it is prosecuted to judgment, is justly entitled.
Tbe report of tbe referee, and tbe final order of tbe court thereon, were not offered or received in evidence as creating a bar to a recovery, and it is certain tbat under'tbe pleadings they could not have been admitted for tbat purpose. No such defence was, or could have been, set up in tbe answer, for not only was this action commenced, but tbe answer was put in before tbe referee made bis report, and even before a reference was directed. Hence, if these facts constituted a defence at all, which we are far from saying, they were a defence which tbe defendants bad no right to set up, except by a supplementary answer in tbe nature of a plea puis darrein continuance, nor I apprehend except upon tbe condition of paying all tbe costs tbat bad previously accrued.
*152 Tbe report of the referee was therefore offered in evidence, not to defeat the recovery of damages, but as furnishing a rule by which the jury in estimating the damages ought to be governed. The Judge held that the. jury were not bound to follow the estimate of the referee, but were at liberty to form their own judgment upon the whole evidence before them, and in this opinion, which he retains, his brethren entirely concur. The jury might well have inferred from the testimony that had" been given, that more than $500 had been expended in counsel fees by the plaintiffs in the. proceedings against the defendant Sturtevant alone, without reference to. .the attachments against other persons, which it appeared from the report of the referee had been issued, and upon this view of the evidence the jury were folly justified in rendering their verdict for the whole sum demanded by the complaint.
■ The motion on the part of the plaintiffs for judgment on the verdict, is therefore granted.
We pass now to the motion that was. made upon the hearing for- relieving the defendant Sturtevant, and the other defendants, his sureties,.from- the effect of the judgment we have rendered, except as to the costs of the action. All objections to the regularity of this motion were very properly waived by the counsel for the plaintiffs, and it by no means follows from any observations that' have been made, that it may not be, and ought not to be, granted.
I shall proceed to state our views in relation to it, and the conclusions at which we have arrived.
The 21st section of the statute, regulating “ Proceeding as for contempts,-” &c;, (2 E. S. p. 538,) provides that, “ if an actual loss or injury shall -have been produced to any party by the misconduct alleged,” (that is, the misconduct charged as a contempt,) “a fine shall' be imposed sufficient to indemnify such party, and to satisfy his costs -and' expenses, which shall be paid over to him on the order of the court.” And the 29th section of the statute, in referring, to the action, by an aggrieved party, upon a bond given by adefendant, upon his arrest under an attachment, says, “that the measure of the damages to be assessed'in such action, shall be the extent of the loss or injury sustained by such aggrieved party by reason of the misconduct for' which the attachment was issued, *153 and his costs and expenses in prosecuting such attachment. (2 R. S. 539.) Upon comparing these sections, we think it cannot be doubted that the words, “ costs and expenses,” are to be understood in each, exactly, in the same sense, and refer, exactly, to the same proceedings; in other words, that the “ costs and expenses” which are to be included in a fine imposed by the court, are the same which are recoverable by an aggrieved party in an action upon the bond, being in each case the “ costs and expenses” incurred by the party in prosecuting the attachment, — -just as the “ loss or injury” to which each section refers is the same loss and injury and sustained by the same party. The last clause in section 21, which has not yet been quoted, but which immediately follows that which has been quoted, and must be read in connection with it, is in these words, “ and in such case, the payment and acceptance of such fine, shall be an absolute bar to any action by such aggrieved party to recover damages for such injury or loss.” Now, although this clause is silent as to “ costs and expenses,” we are fully convinced that the principle which it declares is just as applicable to them as to the sum to be paid to the aggrieved party, as a compensation for the loss or injury sustained by him. It is just as applicable, because the entire clause is in truth no more than a special application of one of the plainest rules of natural justice as well as positive law, namely, that no person can be entitled to receive a double satisfaction for the same demand.
Applying the construction that we have given to the statutory provisions in the case before us, it seems a necessary consequence that the motion that has been made on behalf of the defendants, ought to be granted. The defendant Sturtevant has paid the whole fine imposed upon him, and the plaintiffs have accepted payment of all that portion of the fine which was awarded to them by the court as and for their “ costs and expenses” in prosecuting the attachment, and which, in the judgment of the court, were all that Sturtevant could justly be required to pay. So far as he was concerned, the sum so awarded was meant to be a full satisfaction to the plaintiffs. Had these facts occurred before the present action was commenced, we do not doubt that they would have constituted a full defence, and, according to the law that formerly prevailed, a payment that, if made before judgment, would be a good defence, if made after judgment would be a ground for re *154 lief upon an “ audita, querela," and, consequently, as the law now stands, a ground for relief upon motion, the defence and the relief resting exactly upon the same principle, namely, that the payment was a satisfaction of the demand.for which the action was brought. It is to be observed that by the words of the statute, it is not the imposition, but the acceptance of a fine, that creates a bar to a recovery by action. Hence the plaintiffs, even after the judgment or final order of this court was affirmed by the Court of Appeals, had their election to accept the payment of their costs and expenses as included in the fine, or to seek their recovery by a continuance of this action. They made their election by accepting payment of that part of the fine which the court had directed to be paid to them, and by this election we must hold that they are bound; we must hold that all the costs and expenses to which they are entitled, and for the recovery of which this action was brought, have been paid to them.
Our decision, therefore, is, that the execution to be issued upon the judgment, to be entered, must be limited to the costs that the judgment shall include, and that when these costs, whether without, or under an execution, shall have been paid, the judgment must be satisfied of record.